ON MOTION FOR REHEARING.
 

 LATTIMORE, Judge.
 

 We find nothing in the law which compels the jury to accept as true the testimony of any witness, simply because no one in terms contradicts it. In this case the son and daughter of appellant testified in his behalf. The same reason and right which might actuate a jury in declining to accept as true the testimony of one charged -with crime, would appear when applied to those closely related to him, who are therefore vitally interested in the outcome of the ease. Urging that the evidence does not support the verdict, appellant says that the proof shows he had not been at home on the afternoon he was found at the still, — long enough to get a fire going, the mash boiling and whisky running from the worm, this being the condition described by the officers when they arrested appellant at said still.
 

 Fixing the hour or exact time of a particular event by recollection or guess when done after such event, is one of those matters pertaining so much to speculation and variance of opinion as to justify its close scrutiny. The officers said they found appellant and his son at the still “about two or three o.’clock”, but gave no reason for so fixing the hour other than that it was in the afternoon and they had eaten before leaving Mount Pleasant to go out to this place. Appellant’s witnesses testified that he had been to Cookville that day. The daughter said he got home about two o’clock. A neighbor living four hundred yards from appellant says he passed by his house going home about one-thirty. Appellant’s son said they got home about one-thirty. The still was in one part of a tract of land on which appellant lived, his residence in another part. The distance between the still and the residence is not shown, but appellant’s daughter testified that her father and brother had been gone from the house about thirty or forty minutes when the boy came back home and said his father had been arrested. At most, it would thus appear to be about fifteen or twenty minutes travel from the house to the still. We would be unable to determine in the absence of more testimony on the point, whether it would be impossible for one who reached home at one-thirty o’clock to have conducted the preliminary movements such as building a fire, etc., and being engaged in the manufacture of liquor at the time the officers reached the scene. The jury were not compelled to accept the testimony of appellant’s family ns to his movements, the time thereof, or any other facts.
 
 *647
 
 Appellant’s son said that he and his father were out hunting for horses, which in one place he testified they had found before they found the still, — and in another place that they had not found until after they found the still. This boy said they found the still in operation, fire burning, the mash boiling, whisky running from the worm, and averred that no one was present and that they knew nothing of its existence, notwithstanding the fact that it was in appellant’s woods pasture. No circumstance appears or otherwise suggests the connection of any other' person than appellant with the operation of the still. The jury considered the facts, and we see no evidence of prejudice or passion on their part. They gave appellant the lowest penalty.
 

 The motion is overruled.
 

 Overruled.